IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J.W.GRIFFIN,<br>No. R09541,<br><br>         Plaintiff,<br><br>vs.<br><br>RANDY GROUNDS,<br>DANA M. TYLKA,<br>DEE DEE BROOKHART and<br>C/O GRIFFIN,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 14-cv-00593-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff J.W. Griffin, an inmate in Robinson Correctional Center ("Robinson"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

## The Complaint

Plaintiff Griffin, who is confined to a wheelchair, alleges that year after year, when it snows the paths around Robinson are not cleared in a timely fashion. As a result, Plaintiff cannot get to the dining hall to eat his meals. Plaintiff specifically takes issue with the un-shoveled walks during this past snowy winter.

According to the complaint, on December 30, 2013, there was a substantial snow fall of at least eight inches. Plaintiff asked C/O Griffin if his meals could be brought to him in the cell house. C/O Griffin responded, "No!." Consequently, Plaintiff ventured out into the snow—three inmates carried Plaintiff in his wheelchair. When the snow remained on the pathways for another three days, during which Plaintiff only made it to the dining hall for four meals (presumably out of a possible 12). Plaintiff contends the situation was stressful and caused him pain.

On February 5, 2014, Plaintiff sent an emergency grievance to Warden Randy Grounds regarding the un-cleared pathways (Doc. 1, pp. 10-11). No response was received. On March 11, 2014, Plaintiff filed a grievance regarding the fact that his grievance regarding the un-cleared pathways had not been answered (Doc. 1, p. 12). No response was received to that second grievance, either. On March 10, 2014, Plaintiff sent an Offender Request to Assistant Warden Dana Tylka, asking why the emergency grievance had not been answered (Doc. 1, p. 16). Tylka responded one day later, directing Plaintiff to his counselor (*Id.*). Finally, on April 1, 2014, Plaintiff sent Offender Requests to Warden Grounds, Assistant Warden Tylka, and Assistant Warden Dee Dee Brookhart, noting that his grievances had supposedly been lost or misplaced (Doc. 1, pp. 17-22). No responses were received to those Offender Requests.

Plaintiff prays only for monetary damages; prospective injunctive relief is not sought.

The Court construes the complaint as asserting the following claims:

**Count 1: Defendant C/O Griffin, failed to either have a path cleared of snow or to otherwise ensure Plaintiff could eat his meals during the December 30, 2013, snow storm and the days that followed, in violation of the Eighth Amendment;**

**Count 2: Warden Randy Grounds, Assistant Warden Dana Tylka, and Assistant Warden Dee Dee Brookhart failed to respond to Plaintiff's grievances and/or Offender Requests, in violation of the Eighth Amendment.**

Because Plaintiff has not requested injunctive relief, the Court has not *sua sponte* recognized any claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012). Another reason no ADA or Rehabilitation Act claims have been recognized is that employees of the Department of Corrections are not amenable to suit under the ADA or Rehabilitation Act, and the complaint, as drafted, is not amenable to adding the Illinois Department of Corrections as a defendant. Of course, Plaintiff is free to move for leave to file an amended complaint.

## Discussion

*Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012), regarding the use of prison facilities being made more difficult for physically disabled inmates is instructive in this situation.

Regarding Eighth Amendment protections, in *Jaros* it is noted that the Eighth Amendment is not violated unless the inmate is deprived of the "'minimal civilized measure of life's necessities;'" merely making those things more difficult does not constitute and Eighth Amendment violation. *Jaros*, 684 F.3d at 670-71 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (other citations omitted). Food, however, is among "life's necessities;" therefore,

Plaintiff has stated a colorable Eighth Amendment claim against C/O Griffin, who flatly refused to accommodate Plaintiff.  It remains to be seen whether the extent, duration and consequences of the missed meals are sufficient for liability.  *See Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).  Consequently, Count 1 against C/O Griffin shall proceed.

The other defendants, Warden Grounds, Assistant Warden Tylka, and Assistant Warden Brookhart were only approached well after the December 30, 2013, storm.  The initial grievance seeking prospective relief was designated by Plaintiff as an "emergency grievance," and as such it would have been routed to Warden Grounds (*see* Doc. 1, p. 10).  There is no suggestion that Grounds received the grievance, and liability under Section 1983 only attaches for one's own misdeeds.  *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).   The doctrine of *respondeat superior* is not applicable to Section 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Those merely reviewing grievances, with no other involvement in the alleged violation, are not liable.  *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Similarly, the second grievance (which was not characterized as an emergency grievance and may or may not have made its way to Warden Grounds) and the Offender Request directed to the Warden are insufficient bases for Eighth Amendment liability.  Those subsequent documents were aimed at alerting officials that the first grievance had not been answered, which alone is not an Eighth Amendment issue.  The same analysis is applicable to  Assistant Warden Tylka, and Assistant Warden Brookhart, who, at most, received Offender Requests regarding the emergency grievance not being answered.  For these reasons, Warden Grounds, Assistant Warden Tylka, and Assistant Warden Brookhart shall be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2** and Defendants **RANDY GROUNDS**, **DANA M. TYLKA**, and **DEE DEE BROOKHART** shall be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** against **C/O GRIFFIN** shall **PROCEED**.

The Clerk of Court shall prepare for Defendant **C/O GRIFFIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **C/O GRIFFIN** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 30, 2014**

                                         s/ *Michael J. Reagan*
                                         **MICHAEL J. REAGAN**
                                         **UNITED STATES DISTRICT JUDGE**